**Nestor ESPINOZA–BATREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72693.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Petitioner Nestor Espinoza–Batrez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the decision by the Immigration Judge ("IJ") denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction over this timely filed petition pursuant to 8 U.S.C. § 1252(a).

Petitioner's sole contention is that the IJ abused his discretion when he failed "to confront the clearly implied 'social group' theory of this case—parties who refuse to join criminal gangs in Guatemala." "Section 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2004); *see also Vargas v. I.N.S,* 831 F.2d 906, 907–908 (9th Cir.1987). In his brief submitted to the BIA, Petitioner did not argue the IJ abused his discretion when he failed to confront the 'social group' theory. Petitioner is raising this argument for the first time in the instant petition for review. Accordingly, we do not have jurisdiction over Petitioner's claim. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies).

PETITION **DISMISSED.**

